

June 5, 2025

VIA ECF

David J. Smith
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

  Re: *Devengoechea v. Bolivarian Republic of Venezuela*, No. 24-10029
    Letter under Fed. R. App. P. 28(j)
    Argued on June 5, 2025

Dear Mr. Smith:

  We write in response to a question the panel raised during oral argument today. The panel asked whether *In re Muir*, 254 U.S. 522 (1921), a case not raised by the parties, suggests that a foreign state may appear in a trial without counsel. The answer is no.

  In *Muir*, a British steamship and an Italian steamship collided, and the ships' owners sued each other. 254 U.S. at 527. When the British steamship was subsequently arrested, private counsel for the British Embassy appeared before the trial court as amicus curiae and asserted sovereign immunity over the ship without submitting proof. *Id.* at 527-30. Finding this proffer insufficient, the trial court rejected the immunity claim. *Id.* at 529. The Supreme Court declined to intervene. In dictum, it explained that an immunity claim could be presented directly to the court through proper official channels, including by the British Government or its authorized, accredited representative. *Id.* at 532-33.

  At most, *Muir*'s dictum might suggest that, before Congress enacted the Foreign Sovereign Immunities Act ("FSIA"), a foreign state could assert immunity, if it or its authorized, accredited representative provided the proper proof. But it did not address whether counsel was required. Nor did it address how the FSIA—which established "a comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state"—would affect that question. *See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 486 (1983). More importantly, it does not address the panel's question whether a foreign state could appear without counsel in a trial as a defendant. And even if it did, *Muir* would still be inapt because it does not address the circumstance here, where the Republic did not appear at trial after its prior counsel withdrew upon the de-recognition of the Maduro regime for whom they previously acted.



David J. Smith
Clerk of Court

      Accordingly, the district court was required to enter default, triggering the notice requirement, and then to convene a default-judgment hearing.  Because the district court failed to do so, this Court should reverse.

Respectfully submitted,

 /s/ *Claire A. DeLelle*
Claire A. DeLelle

*Counsel for Appellant the Bolivarian Republic of Venezuela*


cc:	All counsel of record via ECF